## HAIGHT *v.* RAILROAD COMPANY.

A provision in a defeasance clause in a mortgage given by a railroad company to secure its coupon bonds, that the mortgage shall be void if the mortgagor well and truly pays, &c., the debt and interest, "*without any deduction, defalcation or abatement to be made of anything for or in respect of any taxes, charges or assessments whatsoever,*"—does not oblige the company to pay the interest on its bonds clear of the duty of five per cent., which by the 122d section of the revenue act of 1864, such companies "are authorized to deduct and withhold from all payments on account of any interest or coupons due and payable." On the contrary, the company complies with its contract when it pays the interest less five per cent. and retains the tax for the government.

ERROR to the Circuit Court for the Western District of Pennsylvania; the case, as derived from the statement of it

---

by the learned judge below (McCandless, J.), who sat for
the Circuit Court, having been thus:

The 122d section of the internal revenue act of 1864, provides
that "any railroad company indebted for any money for which
bonds have been issued upon which interest is payable shall be
subject to and pay a duty of five per cent. on the amount of all
such interest whenever the same shall be payable, and said com-
pany are *authorized to deduct and withhold from all payments on
account of any interest or coupons due and payable as aforesaid, the
duty of five per cent.*, and the payment of the amount of said duty,
so deducted from the interest or coupons, shall discharge said
company from that amount of the interest on the bonds held by
any person whatever. Except where said company may have
contracted otherwise."

With this act of Congress in force, Haight, a citizen of
New York, was the holder of bonds to the amount of
$100,000, issued by the Pittsburg, Fort Wayne and Chicago
Railroad Company, and secured by a mortgage on real estate.
The bonds were in the ordinary form of coupon bonds, and
promised that the Company would pay $1000 to the obligee
or bearer, on the 1st of January, 1887, with interest at the
rate of seven per cent., payable half yearly, on the presenta-
tion of the interest warrants, &c. The defeasance clause of
the mortgage was thus:

"Provided, always, that if the said railway company or their
successors do well and truly pay to the said Haight, the said
$100,000 on the days and times hereinbefore mentioned, together
with the interest payable thereon, without *any* deduction, de-
falcation or abatement to be made of anything for or in respect
of *any* taxes, charges or assessments whatsoever, then," &c.

The railway company having retained five per cent. on the
amount of the coupons, as they paid them, Haight brought
suit against it, contending that it could not deduct the taxes
from the interest due him, because it had, in the language
of the act of Congress, "contracted otherwise."

The argument in the court below, derived from a very

critical examination of the different parts of the act of Congress in question, was that the tax of five per cent. laid in the 122d section, was a tax upon the *coupon* or *interest*, that is to say, a tax on the *thing* and not on Haight's income; and, therefore, that under the contract in the mortgage it was to be paid by the company from its own property and not from Haight's.

It was admitted that Haight paid no income tax at New York, his residence, on the interest received from these bonds.

The learned judge who heard the case, thought that the tax was on Haight's income, and gave his opinion to this effect:

What are the coupons, upon which this suit is instituted, but income,—the annual profit upon money safely invested? There is no special contract to pay government taxes upon the interest. The measure of the company's liability is expressed in the bonds as being debt and interest only. It has nothing to do with the taxes which the government may impose upon the plaintiff for the interest payable to him. The clause in the mortgage cannot enlarge the duty which the mortgage was given to secure, that is, the payment of debt and interest. It is to be found in all mortgages. . . . The plaintiff, a citizen of New York, pays no internal revenue tax on these bonds at the place of his residence. It is therefore no case of double taxation. The tax should be paid somewhere, and it was to meet investments like this in banks, railroads, insurance and other companies, that the 122d section of the act of 1864 was passed.

.Judgment was accordingly given for the company, and the case was brought by Haight on error to this court, where it was submitted on briefs.

*Mr. Knox, for the plaintiff in error; Messrs. Lowrie and McKnight, contra.*

Mr. Justice GRIER delivered the opinion of the court.

The facts in this case are properly stated and the law correctly decided by the learned judge of the Circuit Court.

The provision in the condition of defeasance of the mortgage, has reference only to covenants between mortgagor and mortgagee, and is usual in every mortgage; being put there in order to secure the mortgagee, who may not be in possession, from demand for taxes incurred while the mortgagor was in possession. It can have no possible application to the income tax of bondholders. The 122d section of the revenue act of 1864, was enacted for greater facility of collection of the tax. These corporators often contract to pay for the bondholder all such taxes; but when they have not so contracted, they are authorized to deduct or withhold the amount of the tax. In all assessments of income tax the citizen is credited with the amount thus detained; so that there is no double taxation.

JUDGMENT AFFIRMED.