80 U.S. 63 (____)
13 Wall. 63
HALLIBURTON, MARSHAL,
v.
UNITED STATES.
Supreme Court of United States.

*65 Mr. Justice STRONG delivered the opinion of the court.
What we have said in the case just decided leads to the conclusion that the judgment in this case must be affirmed.
Looking to the declaration and the plea it appears that the bond had become absolute more than a month before the ordinance of secession was passed, and that all that time Halliburton was in default. The plea does not aver that there was any obstacle in the way of payment at the time when by law the payment was required to be made, or for a considerable period thereafter. If, then, it were sufficiently averred that after the 1st of June, 1861, payment was prevented by public enemies, there would still appear a default of the obligors, for which no excuse is offered, a fault which led directly to the loss of the public money. All the reasons, therefore, which have been mentioned in the case of Bevans v. United States, why the evidence there offered was insufficient to establish a defence, concur in justifying the judgment given upon this demurrer.
This disposes of the principal error insisted on. To the other error assigned  namely, the refusal of the court to admit evidence of payments made and of an alleged set-off  the fourth section of the act of Congress of March 3d, 1797, is a sufficient answer. What was offered and rejected was not any claims presented to the accounting officers of the Treasury, and by them disallowed. And it was not pretended that the defendants were at the trial in possession of vouchers not before in their power to procure. The evidence was, therefore, properly rejected.
JUDGMENT AFFIRMED.
The CHIEF JUSTICE and Mr. Justice CLIFFORD dissented in this case, as in the former one, and for the same reason, to wit, that they thought the plea in bar set up a valid defence.

[See supra, p. 17, Boyden et al. v. United States.]