THE NEW JERSEY WEST LINE RAILROAD COMPANY ADS. DENMAN N. BEARDSLEY.

1.  In a suit brought by the plaintiff, Beardsley, against the defendants, a recovery was had for amount of coupons due plaintiff on first mortgage bonds given by the company. The sheriff sold, under the execution, a lot of railroad ties, and made the amount of the judgment.
2.  The court may order a deduction of two and a half per cent.—the government tax—if it shall satisfactorily appear that such tax has been paid by the company to the government, subsequent to entering the judgment, and that the sheriff. having the same in hand, shall refund the same.

---

On motion for an order that the sheriff of Hudson pay back to defendant two and a half per centum of the amount collected, to enable the company to pay the income tax due the United States.

On the 15th of September, 1871, plaintiff recovered a judgment against defendant, which, by the declaration and assessment on file, appears to be founded on ninety-four coupons of the first mortgage bonds of the company, of $35 each, amounting to $3290 "in gold coin of the United States." A *fieri facias* was issued to the sheriff of Hudson, under which he levied on a lot of .railroad ties, which he sold, and from the proceeds of sale, raised the amount due on the execution. By agreement between the parties, two and a half per cent. of the amount raised for plaintiff, amounting to about $96, was retained in the sheriff's hands, to abide the order of the court on this motion.

For defendant, *T. N. McCarter.*

Contra, *J. Dixon, Jr.*

DALRIMPLE, J.   By the act of congress of July 14th, 1870, § 15, (*Laws of U. S.*, 1869–1870, *p.* 260,) it is provided that there shall be levied and collected, during the year 1871, a tax of two and one-half per centum on the amount of all coupons on bonds issued and payable in one or more years after date, by any railroad company, whenever or wherever the same shall be payable, and to whatsoever person the same may be due, and that every corporation having paid the tax as aforesaid, is authorized to deduct and withhold from any payment on account of coupons, an amount equal to the tax of two and one-half per cent. on the same, and the payment to the United States, as provided by law, of the amount of tax so deducted from the coupons, shall discharge the corporation from any liability for that amount of said coupons claimed as due to any person, except in cases where said corporations shall have provided otherwise by an express contract.

It is objected to this motion, that the plaintiff holds the judgment of this court, awarding him the full amount of the coupons, and that the defendant is estopped by the record from alleging that the plaintiff is not entitled to the sum re-

covered. But it will be seen, on the examination of the act of congress above referred to, that the corporation cannot deduct or withhold the tax of two and one-half per cent. until it shall have paid the same to the government. If, in this case, such payment was made before the recovery of the judgment, it should have been specially pleaded, or in some other proper mode have been set up as a defence *pro tanto* to the plaintiff's claim. If the payment has not yet been made, which would seem, from the state of the case, to be the fact, though not expressly so stated, there does not seem to be any legal difficulty in the way of granting an order when the defendant shall produce satisfactory evidence that it has paid the tax to the government, that the sheriff refund the amount in question to the defendant. Such order will be no interference with the legal effect of the judgment, because it will be based on matter happening subsequent to the judgment; and as decided in the case of *Haight* v. *R. R. Co*, 6 *Wall.* 17, the tax withheld is in effect a tax upon the plaintiff's income, and not upon the company, and the money, though not paid directly to the plaintiff, will go for his use and benefit in the manner provided by law.

The motion will be granted on production of proof of payment of the tax to the government subsequent to the entry of the judgment.

Justices BEDLE and DEPUE concurred.