## THE UNITED STATES OF AMERICA *v.* GEORGE W. HOWLAND.

SET-OFF AGAINST DEFALCATION OF DEPUTY POSTMASTER, WHAT NOT.—In an action on a deputy postmaster's bond, to recover for an alleged defalcation, a claim of such deputy postmaster against the United States for rent, etc., can not be pleaded as a set-off unless it is alleged to have been allowed and adjusted by the postmaster-general, and to have been presented to and disallowed by the auditor, or not to have been presented to him because of some unavoidable accident:

APPEAL from the district court for the first judicial district. The case is stated in the opinion.

*R. H. Tompkins*, for the defendant and appellant.

*T. B. Catron, United States district attorney*, for the plaintiff and appellee.

By Court, BRISTOL, J.:

This action was brought in the United States district court for the first judicial district of New Mexico against the defendant, George W. Howland, as deputy postmaster at Santa Fe, and the sureties on his official bond, to recover the amount of an alleged defalcation on the part of said Howland, in omitting and refusing to pay over certain moneys belonging to the United States which he had received as such deputy postmaster. The defendant, in addition to pleading performance of all the conditions of the bond to be kept and performed by said Howland, set up as and for a further plea a certain claim against the United States on the part of said Howland as deputy postmaster for rent of post-office, and for lights, fuel, and stationery therefor, and tendered the same as a set-off in the sum specified. To this plea a demurrer was interposed which was sustained by the court below, and to the ruling of the court sustaining the demurrer, the defendants excepted.

The cause is before this court for review on bill of exceptions and appeal. The bill of exceptions presents but a single question for the consideration of the court, and that is whether the court below erred in sustaining the demurrer. There are certain conditions precedent to be complied with in order to entitle a claim like the one set up in the plea demurred to to be pleaded as a set-off in an action of this kind. The claim, in the first instance, must have been allowed and adjusted on a satisfactory exhibit of facts by the postmaster-general: 13 U. S. Stats. at Large, sec. 5, p. 335. And then such claim so allowed and adjusted, before it can be pleaded in set-off, must either have been presented to the auditor, and by him disallowed in whole or in part, or it must appear on satisfactory proof that the defendant How-

land had been prevented by unavoidable accident from ex-hibiting such claim to the auditor, and that he was then in possession of vouchers not before in his power to procure: 5 Id. 13, sec. 15, p. 80; 13 Wall. 65.

It does not appear that any of these prerequisites have been complied with. The claim of the defendant Howland set up in the plea demurred to could not, therefore, have been properly pleaded in set-off.

The judgment is affirmed.