UNITED STATES *v.* LOUISVILLE & N. R. Co.

(*Circuit Court, D. Kentucky.* January 24, 1888.)

1. INTERNAL REVENUE—TAXATION OF RAILROADS—ACT OF 1870.
   The act of congress of July 14, 1870, relating to the taxation of railroad bonds, was part of the general system of income taxation, and fixed a time when that system should expire; and, in taxing the interest on such bonds as part of the corporate earnings, it applies only to interest actually paid, not to interest merely payable.

2. SAME.
   Where two railway companies consolidate, one assuming the debts of the other, this is a payment of such debts, as between such corporations, but is presumably not a payment from the "earnings" of the debtor, within the meaning of those internal revenue laws which provide for taxing corporate incomes.

At Law. On demurrer.

*J. C. Wichliffe,* U. S. Dist. Atty. and *Thos. C. Bell,* Asst. Dist. Atty., for plaintiff.

*H. W. Bruce,* for defendant.

BARR, J. The plaintiff has sued the defendant to recover certain taxes which it is alleged are due upon the interest paid on certain coupon mortgage bonds issued by the Memphis & Ohio Railroad Company. These bonds are alleged to have amounted to $732,000, and were held by the Louisville & Nashville Railroad Company, and were paid by said company in an arrangement made October 9, 1872, by which, among other things, the two railroad companies were consolidated, and the Louisville & Nashville Railroad Company assumed to pay all the indebtedness of the Memphis & Ohio Railroad Company, and did, as of that day, (October 9, 1872,) pay said $732,000 of bonds held by defendant, by assuming the payment of same under the terms of said article of consolidation. The petition, as amended, alleges that the interest which accrued on said mortgage bonds from December 31, 1863, to July 1, 1864, amounted to $36,600, and the tax thereon, at 3 per centum, was $1,098; and the interest which accrued on said bonds from July 1, 1864, to July 13, 1866, amounted to $146,400, and the tax thereon, at 5 per centum, was $7,320; and interest which accrued on said bonds from July 13, 1866, to August 1, 1870, amounted to $298,900, and the

tax thereon, at 5 per centum, to $4,945; and the interest which accrued on said bonds from August 1, 1870, to December 31, 1871, amounted to $103,700, and the tax thereon, at 2½ per centum, to $2,592. All of this interest is alleged to have been paid by the defendant in the consolidation which was consummated on the 9th day of October, 1872. The terms of this consolidation are shown by a copy of the agreement, which which is dated 15th of February, 1871, and provides that the Memphis & Ohio Railroad Company was to be consolidated with the Louisville & Nashville Railroad under the corporate name of the Louisville & Nashville Railroad Company; that the Louisville & Nashville Railroad Company assumed and was to pay all of the debts of the Memphis & Ohio Railroad Company, and exchange one share of its stock (Louisville & Nashville) for four shares of the Memphis & Ohio Railroad stock, and the said company (Memphis & Ohio) was to issue, payable to the Louisville & Nashville Railroad Company, their three million and a half of coupon bonds, secured by a mortgage on the road and all other property of the Memphis & Ohio Railroad Company. The defendant has demurred to the petition as amended, and contends—*First*, that this arrangement by which the two roads became one, and the debt which the Louisville & Nashville Railroad Company held against the Memphis & Ohio railroad Company was discharged, was not in fact a payment of the interest, within the meaning of the internal revenue laws; *second*, if it was a payment of said interest, within the meaning of said laws, no tax is due thereon, because, at the time of said payment, these laws had ceased to exist, and there was no tax due thereon; *third*, that if it be conceded the old laws were still in force for the purpose of levying and collecting the income tax upon this interest, when paid, it cannot be leviable on account of this interest, because it was not paid out of the earnings or income of the Memphis & Ohio Railroad Company, and there is no allegation in the petition to that effect.

The consolidation of the two roads under the arrangement discharged the debt which the Louisville & Nashville Railroad Company held against the Memphis & Ohio Railroad Company, principal and interest. It was a payment, therefore, but, presumably, not from the earnings or profits of the Memphis & Ohio Railroad, or of that company. It would seem probable, from the terms of the consolidation, that the three and a half millions of mortgage bonds which were to be issued to the Louisville & Nashville Railroad Company were to be used, and were in fact used, to discharge the debts of the Memphis & Ohio Railroad Company, including those held by the Louisville & Nashville Railroad Company.

The other contentions of the defendant will be considered together. The 81st section of the act approved July 1, 1862, required that the interest on bonds issued by railroads "shall be subject to and pay a duty of three per centum on the amount of all such interest or coupons * * * whenever the same shall be paid." 12 St. 469. The 122d section of the act approved June 30, 1864, required that interest on railroad bonds running one or more years "shall be subject to and pay a duty of five per centum on the amount of all such interest or coupons * * *

whenever the same shall be payable." 13 St. 285. The act of 1862 is repealed by this act, but the 173d section provides that all the provisions of said act "shall be in force for levying and collecting all taxes * * * properly assessed, or liable to be assessed, or accruing under the provisions or former acts, * * * the right to which has already accrued, or which may hereafter accrue." The act of July 13, 1866, amended section 122 of the act approved June 30, 1864, by adding this proviso:

"Provided, that whenever any of the companies mentioned in this section shall be unable to pay the interest on their indebtedness, and shall in fact fail to pay such interest, *that* in such cases the tax levied by this section shall not be paid to the United States until said company resume the payment of interest on their indebtedness."

The fifteenth section of the act approved July 14, 1870, enacts: "There shall be levied and collected for and during the year 1871 a tax of two and one-half per centum on the amount of all interest or coupons paid on bonds or other evidences of debt issued and payable in one or more years after date by any of the corporations in this section hereinafter enumerated;" and railroad companies are thereafter enumerated. Section 17 of same act provided that section 122 of the act of 1864 shall be construed to impose the taxes therein mentioned to the 1st day of August, 1870, but after that date no further taxes shall be levied or assessed under said section. 16 St. pp. 260, 261, § 17. The same section, however, provides that "this act shall not be construed to affect any act done, right accrued, or penalty incurred under former acts, but every such right is hereby saved." It will be seen, from these quotations, that the acts of 1862 and the act of 1864, as amended by the act of 1866, make substantially the same provision as to the time when the tax shall be paid. The act of 1864 provides that this tax shall be due whenever the interest is *payable;* but the act of 1866 amends this, and makes the tax due whenever the interest is *paid.* This is the act of 1862. The earlier cases seemed to have construed this as a tax on the bondholders, and regarded the provisions as to the payment by railroad and other companies as merely a convenient mode of collecting the tax. *U. S.* v. *Railroad Co.,* 17 Wall. 325; *Railroad Co.* v. *Jackson,* 7 Wall. 262; *Haight* v. *Railroad Co.,* 6 Wall. 17. But the later cases of the supreme court have distinctly decided this tax to be upon the business of the companies. The court say, in *Railroad Co.* v. *Collector,* 100 U. S. 598:

"The tax, in our opinion, is essentially an excise on the business of the class of corporations mentioned in the statute. The section is a part of the system of taxing incomes, earnings, and profits, adopted during the late war, and abandoned as soon after that war was ended as it could be done safely. The corporations mentioned in this section are those engaged in furnishing roadways and water-ways for the transportation of persons and property, and the manifest purpose of the law was to levy the tax on the net earnings of such companies." "How were these earnings, profits, incomes, or gains to be most certainly ascertained? In every well-conducted corporation of this character their profits were disposed of in one of four methods, namely, distributed to its stockholders as dividends, used in construction of its roads or canals, paid out for interest on its funded debts, or carried to a reserve or other

fund remaining in its hands. Looking to these modes of distribution as the surest evidence of the earnings which congress intended to tax, and as less liable to evasion than any other, the tax is imposed upon all of them. * * * Of course it was competent for congress to tax only earnings after *deducting* this interest paid on their debts, or to treat the sum so paid as part of the net earnings, and paid out of them as dividends were. It adopted the latter policy." "It results, from this course of observation that the tax was not laid on the bondholder who received the interest, but on the earnings of the corporation which paid the interest."

This decision is approved in *Railroad Co.* v. *U. S.*, 101 U. S. 550; in *U. S.* v. *Railway Co.*, 106 U. S. 330, 1 Sup. Ct. Rep. 223; in *Railroad Co.* v. *U. S.*, 108 U. S. 234, 2 Sup. Ct. Rep. 482. These decisions clearly determine that this tax is to be levied on the corporations, and that it is an income tax to be levied on the "earnings, profits, incomes, or gains of the companies." These cases were under acts approved prior to the act approved July 14, 1870, but the reasoning applies equally well to that act. That act provides, as we have seen, for the levying of a tax of $2\frac{1}{2}$ per centum on the amount of all interest on bonds paid during the year 1871. In *Railroad Co.* v. *U. S.*, 101 U. S. 550, the question arose as to the liability to this tax on interest coupons paid February 1, 1872. The lower court decided that the tax was leviable on the interest which accrued during the year 1871, although not paid until February 1, 1872, the supreme court reversed this, and in the opinion says:

"The interest in this case was neither payable nor paid in 1871, and as the tax is not leviable or collectible until the interest is payable, we see no way in which the company can be charged on this amount. The tax is not on the interest as it accrues, but when it is paid."

This case is approved in *U. S.* v. *Railroad Co.*, 113 U. S. 712, 5 Sup. Ct. Rep. 716.

These cases are, perhaps not decisive of the question under consideration, since the coupons were neither payable nor paid during the year 1871, and in the case at bar the coupons for the interest matured during the year 1871, but were not paid during that year, and never paid out of the earnings of the road made during the year 1871, or, indeed, any other year, as far as appears from any allegation of the petition. The only interest upon which the tax of $2\frac{1}{2}$ per centum is leviable is that which is *paid*. The language is—

"That there shall be levied and collected for and during the year 1871 a tax of two and one-half percentum on the amount of all interest or coupons paid on bonds or other evidences of debt issued, and payable in one or more years after date by any corporation in this section hereinafter enumerated, and on the amount of all dividends of earnings, incomes, or gains hereafter declared by any * * * railroad, * * * whenever and wherever the same shall be payable, * * * and on all undivided profits of any such corporation which have accrued and been carried and added to any surplus, contingent, or other fund," etc.

It is evident that only the dividends which are declared during the year 1871 are intended to be taxed, and they are taxable whenever and wherever they shall be payable. So, with the undivided profits which have accrued and been added to the surplus or other fund, these must

have accrued within the time specified in the act. In *Railroad Co. v. U. S.*, 8 Sup. Ct. Rep. 319, it is decided that the earnings of the year 1871, and used in constructing new works, are not taxable under this law, because not embraced in the language of this act. The act of 1870 was part of the general system of income taxation, and it fixes the time within which the tax should cease, hence the reason for limiting the tax on interest to that which is *paid* during the year 1871. Another section of this act (seventeenth) repealed the law which authorized the levying and collecting income tax after August 1, 1870, on interest paid. The saving of all rights, etc., which had or might accrue, as is done in this and other acts repealing previous laws, can have no effect on the interest which became payable during and prior to the year 1871, but was not paid as alleged until 1872, because, if we are correct in our views, no right of taxation has accrued to the United States under either the act of 1862, 1864, as amended by the act of 1866, or the act of 1870.

The demurrer of the defendant to the petition, as amended, should be sustained; and it is so ordered.