URQUHART *v.* THE MARION HOTEL COMPANY.

Opinion delivered April 2, 1917.

INCOME TAX—INTEREST ON CORPORATE BONDS.—Bonds issued by a corporation on June 1, 1906, provided: "The M. Co., for value received,

hereby promises to pay the bearer hereof, at the office of............,
without deduction from either such principal or interest, for any
tax or taxes, which the M. Co. may be required to pay or retain
therefrom, under any present or future law, the M. Co. agreeing to
pay such tax or taxes." Appellant owned bonds and her income
exceeded the statutory exemption. *Held*, the amount of income tax
levied on the interest on these bonds was required to be paid by
appellant, and not by the M. Co.

Appeal from Pulaski Circuit Court, Third Division;
*G. W. Hendricks*, Judge; affirmed.

*George A. McConnell*, for appellant.

1. The tax clause in the bonds obligated the appellee to pay the interest coupons without deduction. Federal Income Tax Law, Fed. Stat. Annotated, Supplement, 1914, p. 185, ch. 16; 38 Stat. at Large, p. 114, sub-sec. E; Foster's Income Tax (2 ed.), 1915, p. 27, 415, 417; *Ib.* 1458. The hotel company should pay the tax.

*Morris M.* and *Louis M. Cohn*, for appellee.

1. Appellee was not liable for the income tax. Acts Congress, Oct. 3, 1913; U. S. Comp. Stat., vol. 3, §§ 6319, 6323, § 2; 3 *Id.*, § 6325; 17 Wall. 322, 326-7; Black, Income Tax, § 360; 6 Wall. 15; 17 *Id.* 322; 137 U. S. 355, 363; Kirby's Digest, §§ 6922-3; Cooley on Taxation (1 ed.), p. 403; 17 Wall. 322, 326-7; 137 U. S. 363.

The income tax law imposed a tax on appellant a personal obligation. 137 U. S. 363. The hotel company never agreed to pay this tax, and properly deducted it.

SMITH, J. Appellant is the owner of certain bonds issued by the Marion Hotel Company on June 1, 1906, which contain the following clause:

"The Marion Hotel Company, for value received, hereby promises to pay to the bearer hereof, at the office of the Bank of Commerce, Little Rock, Ark., without deduction from either such principal or interest, for any tax or taxes, which the Marion Hotel Company may be required to pay or retain therefrom, under any present or future law, the Marion Hotel Company agreeing to pay such tax or taxes."

The interest on these bonds was made payable at the Bank of Commerce, in the city of Little Rock, where appellant applied for the payment of matured coupons owned by her. Pursuant to the requirement of the Federal Income Tax Law, she filed her certificate, in which she declared that "I do not now claim exemption from having the normal tax of 1 per cent. withheld from said income by the debtor at the source," but, notwithstanding this certificate, she demanded payment of the full amount of interest due, without deduction of the one per cent., the demand therefor being based upon the theory that the corporation, and not herself, was liable for the tax. It is argued that the very terms of the bond itself required the company to pay any tax, or taxes, which it (the company) might be required to retain. We are of the opinion, however, that the provision of the Income Tax Law requiring the withholding of the tax at its source is a mere provision intended only to facilitate the more convenient and certain collection of the tax upon income. That the tax in question is not levied upon the bonds, nor primarily upon the interest accumulating thereon. The thing taxed is the income of the holder of the bond, and it may, or may not, be true that the income from a particular bond will be subject to the tax. The condition governing the taxability of the accumulated interest represented by any particular coupon, depends, not upon the recitals in the bond contract, but upon the amount of income of the particular holder. And the provision of the law, for the collection of this tax at its source, rather than from the income taxpayer after the receipt of his dividend, will not change the contractual rights of the parties.

We are cited to no case where the exact question here involved has been decided; but the view we have expressed comports with the construction of such contracts expressed in Black on Income Taxes (2 ed., 1915), section 360. That learned writer there says:

"Sec. 360. Bonds of many corporations are issued under a contract by which they are made 'tax free,' that is, a contract by which the obligor undertakes to pay all taxes which may be assessed on the bonds. But apparently such a covenant does not bind the obligor to pay the income tax on the interest, unless it includes the income tax by name. Under a similar statute enacted by Congress at an earlier day, it was held that a provision in a corporation mortgage requiring the company to pay the debt and interest 'without any deduction, defalcation, or abatement to be made of anything for or in respect of any taxes, charges, or assessments whatsoever,' relates to taxes on the property mortgaged or on the mortgage debt, and does not refer to the periodical interest payments regarded as income of the bondholder, and hence does not require the company to pay the interest clear of the income tax (levied in 1864), which tax companies were 'authorized to deduct and withhold from all payments on account of any interest or coupons due and payable.' On the contrary, it was held, the company complies with its contract when it pays the interest less the tax, and retains the tax for the Government." In support of this text he cites: *Haight* v. *Railroad Co.*, 6 Wall. 15, 18 L. Ed. 818; *Baltimore* v. *Baltimore Railroad*, 10 Wall. 543, 19 L. Ed. 1043.

It was there further said: "The position of the treasury department on this question is one of indifference as between the bondholder and the corporation. It will exact payment of the income tax on corporate interest, in the usual manner, without regard to the existence of such a contract or covenant, leaving the question of ultimate responsibility to be settled by the parties themselves. The regulation declares that 'the stipulation in bonds whereby the tax which may be assessed against them or the income therefrom is guaranteed, is a contract wholly between the corporation and the bondholder, and in so far as the income tax law applies, the Government will not differentiate between coupons from bonds

of this character and those from bonds carrying no such guaranty. The debtor corporation, or its duly authorized withholding agent, will be held responsible for the normal tax due on the coupons on which no tax has been withheld in cases wherein no exemption is claimed.' ''

We conclude that the tax in question is the personal obligation of Mrs. Urquhart, arising out of her possession of an income in excess of her exemptions, and that the provision of the law for the collection of this tax (thereby discharging this obligation) at its source, makes it none the less her obligation, and that the purpose and legal effect of the language quoted from the bond, was only to impose upon the hotel company the duty of paying all taxes, of any character, imposed upon the property mortgaged to secure the payment of the bonds, and to pay the taxes upon the bonds and coupons as such.

It follows, therefore, that the judgment of the court below, refusing to render judgment against the hotel company, for the amount of the tax so withheld, was a proper one, and it is affirmed.

McCULLOCH, C. J., and HART, J., dissent.