ROANOKE WATERWORKS CO. v. ANDERSON, Collector of Internal Revenue.

(District Court, S. D. New York. February 24, 1927.)

Internal revenue ⬅27(2)—Corporation held liable for income tax due from its bondholders (Revenue Act 1918, § 221 [b] being Comp. St. § 6336⅛jj).

A corporation which issued bonds containing a provision that the interest should be payable, "without deduction for taxes which the company may be required to pay or to retain therefrom by any governmental authority of the United States," held liable for a tax of 2 per centum of such interest under Revenue Act 1918, § 221(b), being Comp. St. § 6336⅛jj.

At Law. Action by the Roanoke Waterworks Company against Charles W. Anderson, Collector of Internal Revenue, to recover taxes paid under protest. On motion to dismiss complaint. Motion granted.

Hornblower, Miller & Garrison, of New York City (John C. Banser and George H. Fox, both of New York City, of counsel), for plaintiff.

Emory R. Buckner, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. This is an action for the return of taxes alleged to have been improperly exacted from the plaintiff.

On January 1, 1916, the plaintiff executed a mortgage securing a bond issue. The bonds each contained the following clause: "The principal and interest on this bond are payable whenever lawful without deductions for taxes which the company may be required to pay or to retain therefrom by any governmental authority of the United States, or any state, county or municipality therein in the United States gold coin at the office of the Commercial Trust Company in the city of Philadelphia, Pa."

During the year 1919 the plaintiff paid to holders of the bonds interest in the sum of $26,105. May 22, 1925, the defendant-collector assessed against the plaintiff 2 per cent. of this, amounting to $522.10, and $130.53 penalties, which the plaintiff paid under protest, and seeks to recover in this action.

The assessment of 2 per cent. upon the interest was based upon section 221 (b) of the Revenue Act of 1918 (Comp. St. § 6336⅛jj), which is as follows: "In any case where bonds, mortgages, or deeds of trust, or other similar obligations of a corporation contain a contract or provision by which the obligor agrees to pay any portion of the tax imposed by this title upon the obligee, or to reimburse the obligee for any portion of the tax, or to pay the interest without deduction for any tax which the obligor may be required or permitted to pay thereon or to retain therefrom under any law of the United States, the obligor shall deduct and withhold a tax equal to 2 per centum of the interest upon such bonds, mortgages, deeds of trust, or other obligations, whether such interest is payable annually or at shorter or longer periods and whether payable to a nonresident alien individual or to an individual citizen or resident of the United States or to a partnership: Provided, That the commissioner may authorize such tax to be deducted and withheld in the case of interest upon any such bonds, mortgages, deeds of trust or other obligations, the owners of which are not known to the withholding agent. Such deduction and with-holding shall not be required in the case of a citizen or resident entitled to receive such interest, if he files with the withholding agent on or before February 1, a signed notice in writing claiming the benefit of the credits provided in subdivisions (c) and (d) of section 216; nor in the case of a nonresident alien individual if so provided for in regulations prescribed by the commissioner under section 217."

The question is whether the 2 per centum is a tax which the company is "required to pay or to retain" from the interest "by any governmental authority of the United States." The corporation executing the trust deed is only required to pay the 2 per centum interest where the bonds contain a contract whereby the obligor agrees "to pay the interest without deduction for any tax which the obligor may be required or permitted to pay thereon or to retain therefrom under any law of the United States."

I do not understand how payment of the tax in question can be avoided. The very language of section 221 (b) is used in the bond. The statute says: "In any case where bonds * * * of a corporation contain a contract or provision by which the obligor agrees * * * to pay the interest without deduction for any tax which the obligor may be required or permitted to pay thereon or to retain therefrom under any law of the United States, the obligor shall deduct and withhold a tax equal to 2 per centum of the interest upon such bonds. * * *"

The bonds say: "The principal and interest * * * are payable * * * without deductions for taxes which the company may be required to pay or retain therefrom by any governmental authority of the United States. * * *"

It is true that the plaintiff did not in express terms agree to pay the bondholders' income tax, but how the clause of the bonds can fail to imply such an obligation, where these securities were issued at a time when income taxes were so much in the public mind, and a withholding tax under prior income tax provisions had been generally applicable, I cannot imagine. It is contended that the income tax was the tax of the bondholder, not of the plaintiff, and that neither the bond nor any law of the United States required the plaintiff to pay this tax. But the provisions of section 221 (b) do require the obligor to deduct 2 per cent. from the interest, where it agrees "to pay the interest without deduction for any tax which the obligor may be required or permitted to pay thereon or to retain therefrom under any law of the United States."

Such agreement is in the very language of the bond, and neither that bond nor section 221 (b) can, to my mind, have any sense if not taken to cover the item here in suit.

The case of Haight v. Pittsburg, Ft. W. & C. R. Co., 6 Wall. 15, 18 L. Ed. 818, is not in point, for there the covenant did not necessarily cover income taxes, and was made before the passage of the Civil War income tax legislation. In Urquhart v. Marion Hotel Co., 128 Ark. 283, 194 S. W. 1, L. R. A. 1917F, 203, where there was a clause similar to the one in this case, I can only say that I cannot reconcile that decision with the language of the bonds there under consideration. Moreover, the bond issue in that case was put out in 1906, prior to the passage of the present income tax act, and two out of the five judges of the court dissented from the prevailing opinion which held that the language only required the obligor to pay taxes imposed upon the property mortgaged and upon the bonds and coupons as such, and not upon the income of the bondholder.

Under the rulings of the commissioner of internal revenue, with which I/agree, we have a tax free covenant which entitled the collector to require payment of the tax in question.

The motion to dismiss the complaint is granted, and final judgment should go to the collector, unless the plaintiff can show a different state of facts upon an amendment of the complaint.