## GRASSO v. OEHMANN.

### No. 523.

Municipal Court of Appeals for the District of Columbia.

July 25, 1947.

---

[14] Gilbert v. Lachapelle, 75 U.S.App.D.C. 395, 127 F.2d 750.

Cornelius H. Doherty, of Washington, D. C., for appellant.

Rowland F. Kirks, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff, appellant here, sued defendant to recover an amount allegedly deducted from plaintiff's wages as a withholding tax under the federal income tax law but not paid to the federal government. His suit was dismissed, and he appeals.

In his bill of particulars, [1] plaintiff asserted that during a 46 week period in 1946 he was employed by one Livera, owner and operator of a local restaurant; that Livera had withheld $492 from his salary, for purposes of income tax payment; that Livera died on December 27, 1946, and his administrator c. t. a., the defendant, refused to pay the withheld amount to the Bureau of Internal Revenue. The case below was tried to the court which, at first, overruled and later, after hearing plaintiff's testimony, sustained defendant's motion to dismiss on the ground that plaintiff was not a proper party to bring the action.

While the trial court's action in first refusing to dismiss the complaint, then hearing the plaintiff's evidence, and then granting the original motion to dismiss, was unusual, we do not think it constituted error. [2] Indeed, it is not urged as a procedural error by appellant. In passing on the motion to dismiss, however, it was the duty of the trial court to disregard plaintiff's testimony and to assume as true all averments well pleaded in plaintiff's bill of particulars. [3] The record shows clearly that the trial court followed such procedure. The only question before us, therefore, is whether the trial court's legal conclusion was correct.

[1] The suit being for less than $500, no complaint was required under Municipal Court practice.

[2] See Rice v. Simmons, D.C.Mun.App., 53 A.2d 587.

[3] Pacific States Box & Basket Co. v. White, 296 U.S. 176, 185, 56 S.Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853; Simpkins v. Brooks, D.C.Mun.App., 49 A.2d 549.

By act of June 9, 1943, 26 U.S.C.A. Int.Rev.Code, § 1621 et seq., Congress established a system for the collection of employees' income tax at the source by requiring all employers, with certain exceptions not pertinent here, to deduct and withhold specified percentages of the employees' wages, and to pay this amount over to the federal government. To insure the effectiveness of this system, penalties were attached to violations. 26 U.S.C.A. Int.Rev.Code, § 1622(d) provides, "If the employer, in violation of the provisions of this subchapter, fails to deduct and withhold the tax under this subchapter, and thereafter the tax against which such tax may be credited is paid, the tax so required to be deducted and withheld shall not be collected from the employer; but this subsection shall in no case relieve the employer from liability for any penalties or additions to the tax otherwise applicable in respect of such failure to deduct and withhold." The next section, 1623, provides that "The employer shall be liable for the payment of the tax required to be deducted and withheld under this subchapter, and shall not be liable to any person for the amount of any such payment." By section 1625(a) the employer is required to furnish to the employee a written statement showing the amount withheld from the employee's wages. A further penalty against the employer is provided for in section 1626(a) for failure to furnish the employee with the required statement and by section 1626(c): "In case of any failure to make and file return or pay the tax required by this subchapter, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, the addition to the tax shall not be less than $10." The employer who so withholds funds from the employee is not only an agent for collection of the United States but becomes a trustee of the funds so withheld. 26 U.S.C.A. Int.Rev.Code, § 3661 states, "Whenever any person is required to collect or withhold any internal-revenue tax from any other person and to pay such tax over to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose." See Internal Revenue Regulations 116, § 405.301. While the employee, in making his return, must include in his gross income the entire amount of the wages from which the tax is withheld, the tax withheld at the source is allowable as a credit to him, and this is true when the tax has actually been withheld at the source "even though such tax has not been paid over to the Government by the employer." Internal Revenue Regulations 116, § 405.401.

In other similar cases, albeit not involving withholding taxes, but cases in which one party acted as agent of the sovereignty for the collection of the tax involved, it has been held that once the party primarily liable for the tax has paid the amount over to the agent designated by the government, his liability is discharged.[4] It is clear, therefore, that if the appellee herein has withheld the alleged amount from the appellant's wages, as alleged by appellant, the latter's obligation for the payment of the tax has ceased, and the onus of payment to the Internal Revenue Bureau rested solely on appellee's decedent. It results that plaintiff was not the proper party plaintiff to bring this suit.

The provisions of the statute and of the regulations thereunder clearly demonstrate that the withheld wages were to be retained by the employer until paid over to the federal government. It is true that if the appellant recovered the amount sued for, the government, as beneficiary of the trust, could follow it into the hands of the appellant, if the diverted fund could

---

[4] Nolte et al. v. Hudson Nav. Co., 2 Cir., 8 F.2d 859; In re Rockaway Paint Centre, Inc., 249 App.Div. 66, 291 N.Y. S. 341; Urquhart v. Marion Hotel Co., 128 Ark. 283, 194 S.W. 1, L.R.A.1917F, 203.

be so traced,[5] but we believe that a recovery by appellant in this action would necessarily effect a breach of the statutory trust. Furthermore, the court will not lend its aid in such a manner as to result in the transfer of the res of a trust to a party other than the beneficiary thereof, where such transfer is contrary to the intention of the creator-beneficiary of the trust, and where such transfer might subject the trustee to penalties, irrespective of whether the transferee turned the trust res over to the federal government.

We think we should emphasize that the trial court did not pass on the question whether plaintiff actually was employed by defendant's decedent, or whether the tax was actually withheld. It follows that we likewise are not determining those questions. We merely give full effect to the allegations of plaintiff's bill of particulars.

Affirmed.

[5] In re Frank, D.C.S.D.N.Y., 25 F.Supp. 1005; see Note (1947) 60 Harv.L.Rev. 786.