Mr. Justice SWAYNE
 

 stated the ease and delivered the opinion of the court.
 

 This is an action of debt upon the bond of Gilmore, one of the defendants in error, as receiver of public moneys “ for the district of lands subject to sale in the Territory of Nebraska,” and also as a depositary of public moneys.
 

 Upon the trial the defendants claimed a credit for the hire of certain clerks employed by Gilmore as such depositary, and offered proof in support of the demand. The attorney of the United States objected to the admission of the evidence upon several grounds. One of them was, that it must first be shown that the claim'had been exhibited to the proper accounting officer of the treasury and disallowed, and that the exhibition and disallowauce could be proved only by the certificate of such officer. “ Whereupon the court stated it would permit the evidence, and control the matter by instructions to the jury.' Objections overruled, and ruling excepted to by plaintiffs.”
 

 The same things occurred with reference to a claim for office rent, set up by Gilmore as such depositary.
 

 Gilmore subsequently testified as follows:
 

 “
 
 I presented these claims to the accounting officer, and they were disallowed.”
 

 To what officer they were presented is not disclosed. This is all the testimony the bill of exceptions contains upon the subject.
 

 
 *493
 
 The statutory provisions prescribing what shall be done, by the debtor in such cases are found in the 4th section of the act of March 8d, 1797.
 
 *
 
 That section, so far as it is material to be considered in the case before us, is as follows:
 

 “ In suits between the United States and individuals', no claim for a credit shall be admitted upon the trial but such as shall appear to have been presented to the accounting officers of the treasury for their examination, and by them disallowed in whole ■ or in part.”
 

 Those officers were then the auditor and comptroller. There was but one of each at that time.
 
 †
 
 It was made the duty of the auditor “to receive all public accounts, and after, examination to transmit the accounts, with the vouchers and certificate, to the comptroller for his decision thereon.”
 

 The act of the 25th of April, 1812,
 
 ‡
 
 created the General Land Office, and transferred to the commissioner the duties of the auditor in respect to all accounts relating to the public lands. The act of March 3d, 1817,
 
 §
 
 created four additional auditoi’s ancl one additional comptroller. It gave the.charge of all accounts accruing in the Treasury Department to the first auditor, and made it his duty to report them to the first comptroller. The language employed is the same as that used in the act' of 1797. This did not affect the duties of the Commissioner of the General Land Office as to all accounts relating to the public lands, which the act of 1812 had devolved upon him.
 

 Receivers and depositaries are required to keep accounts of their contingent expenses. Those accounts are separate apd distinct from those of their receipts and disbursements of the public moneys. Where the offices of receiver and depositary are united iivthe same person, the expense accounts of the two offices áre nevertheless required to be kept separately from each-other.
 

 The claims in question in the case before us grew out of
 
 *494
 
 that branch of Gilmore’s duties which related to his office of depositary, and had no connection with his office of receiver. They should, therefore, have been presented to the first auditor for examination, and afterwards to the first comptroller for his final decision. If disallowed, the dis-allowances would have appeared in the “ statement of the differences of account” transmitted by the auditor to the comptroller with the accounts, vouchers, and certificate, as required by the statute. If the comptroller had confirmed the decision of the auditor, a transcript of the proceedings of those officers would have been the proper evidence.for the defendants to produce.
 

 If the claims were not presented until after the account was closed upon the books of the treasury, still it was necessary to submit ,them for examination to both those officers. The action of both was necessary. A transcript showing that action would have been sufficient. Parol evidence in such cases is wholly inadmissible. Evidence from the books of the treasury in some form is indispensable.
 

 These remarks have no application to those provisions of the section under consideration which have not been re-, ferred to.
 

 The court should not have permitted any proof of the claims to be given until the proper foundation for it had been laid. When the defendants failed to produce the evidence necessary to warrant the introduction of such testimony, all which had been given should have been excluded, and the claims withdrawn from the consideration of the jury. To allow them to remain in the ease was, .an error, and any instruction given afterwards, short of their withdrawal, was unavailing to cure it. The course proposed to be pursued when the objection'by the district' attorney was taken, could hardly fail, under any circumstances, to mislead and confuse, and to prevent the proper trial of the ’cause. The object of pleading is to concentrate the controversy upon the questions of fact and of law, which should eoutrol the result. The value of the system in the administration of justice can hardly be too highly estimated. The
 
 *495
 
 ■.exclusion from the testimony of' everything irrelevant and incompetent is not less important.
 

 Was the error committed by the admission of the testimony objected to subsequently remedied?
 

 Nothing further upon the subject appears in the record. but the following passages' at the close of the bill of exceptions :
 

 “The plaintiff requested the court to charge the jury as fol-'. lows:
 

 “
 
 1st.' That in this action ho claim for credit can be admitted as a defence, unless it is 'first shown to the jury that such claim was presented to the proper officer of the government for examination, and by such officer disallowed in whole, or in part; or that the defendant, .Gilmore; first shows that he was prevented from exhibiting such claim or account of expenses at the treasury by absence from the United States, or some unavoidable accident.”
 

 Another instruction, not material to be stated, Was alsq asked. The bill then proceeds:
 

 “ Which said two points were not given by the court in the form requested, but were substantially given in the oral chai'ge of the court to the jury. The first point and the second were .given with a modification; to .which the plaintiffs then and there excepted.” ■
 

 What the modification of the first instruction was to which this exception relates is .not shown. We cannot, therefore, consider it.
 

 Whether the testimony in support of the claim was properly in the case was a question for the court, and not for the jury. Yet it was left to the latter for thém to determine. It is clear that, the incompetent testimony which had been admitted was not withdrawn from their consideration.
 

 The judgment is, therefore, reversed, and the cause will be remanded to the Circuit Court With instructions to issue a
 

 Venire de novo.
 

 *
 

 1 Stat. at Large, 515.
 

 ‡
 

 2 Stat. at Large, 716.
 

 †
 

 Act of September 2, 1789, Id. 66.
 

 §
 

 3 Id. 366.