UNITED STATES v. PATTERSON et al.

(Circuit Court, S. D. Iowa, Central Division. February 15, 1899.)

No. 3,620.

1. SUITS BY UNITED STATES—PLEADING—CREDITS CLAIMED BY DEFENDANT.
    In a suit by the United States against an individual, a pleading of the defendant setting up claims in his favor, whether as credits or by way of set-off, must show that such claims are provable under Rev. St. § 951, by alleging their presentation to the accounting officers of the treasury and their disallowance, or the facts which bring the claims within the exception contained in the statute.

2. SAME—APPLICATION OF SPECIAL STATUTE.
    Defendant, a former Indian agent, was sued by the United States on his bond for a balance shown by his account to be due the government. By his answer he pleaded that, in so far as the account sued on showed property received by him and unaccounted for, it was the result of errors in bookkeeping made by the clerk furnished him by the government. Held, that any such errors, to be available as a defense, must be specific, and that claims for credits on that account came within Rev. St. § 951, and must be shown by the pleading to have been presented to the accounting officers of the treasury and disallowed.

This is a suit by the United States against Samuel S. Patterson and the sureties on his bond as an Indian agent. Heard on motion to strike out part of the answer of the defendants Patterson and McCalmont.

Lewis Miles, U. S. Atty.
Carr & Parker, opposed.

WOOLSON, District Judge. This action is brought upon a bond executed in favor of plaintiff by Samuel S. Patterson, as principal, and by John C. Cook and William A. McCalmont, as sureties, conditioned that said Patterson, who had been appointed as agent for the Indians of the Navajo agency, in New Mexico, should carefully discharge the duties of such agent, and faithfully disburse all the moneys, and honestly account, without fraud or delay, for the same, and for all public funds and property which should or might come into his hands. Plaintiff claims that the conditions of said bond have been broken in the several matters shown by transcript from the department files, etc., and claims judgment for $829.89 and interest (in all, $1,250) from said principal and sureties on said bond. The question now under consideration arises upon motion to strike out certain portions of the answer of Patterson and McCalmont. Their answer denies generally

any breach of the conditions of said bond; specifically denies that said Patterson failed to pay over or account for any sum of money belonging to plaintiff, and which came into his hands as agent. The answer then continues, and the motion to strike is aimed against the following:

That in so far as the account attached to the petition shows property received by said Patterson as such agent, and unaccounted for, the same is the result of errors in bookkeeping by the clerk furnished this defendant by the department of the interior; that each and every item appearing in said account which was received by defendant Patterson as such agent was by him distributed to the Indians in accordance with the rules and regulations of the department, or turned over to his successor, except the few items which were lost, stolen, and destroyed without any fault of said Patterson; that as to what particular items were lost, stolen, or destroyed, defendants are unable to state, but allege that no part of the property specified in said schedule was misappropriated or misapplied by said Patterson, or appropriated to his own use or benefit, or in any manner disposed of by him, except to be turned over to the Indians under his charge, under the rules and regulations of the department governing Indian agents.

The grounds assigned in the motion to strike out that part of the answer just quoted are that:

Said answer fails to show that any claim for credit therefor has ever been presented to the accounting officers of the treasury of the United States for their examination, and to have been disallowed in whole or in part by said accounting officers, and does not show that the defendant is in possession of facts not before in his power to procure, and that he has been prevented from exhibiting his claim for such credit at the treasury by absence from the United States or by some unavoidable accident.

Manifestly the district attorney bases his grounds, as thus stated, upon Rev. St. § 951:

Sec. 951. In suits brought by the United States against individuals, no claim for a credit shall be admitted, upon trial, except such as appear to have been presented to the accounting officers of the treasury, for their examination, and to have been by them disallowed, in whole or in part, unless it is proved to the satisfaction of the court that the defendant is, at the time of the trial, in possession of vouchers not before in his power to procure, and that he was prevented from exhibiting a claim for such credit at the treasury by absence from the United States or by some unavoidable accident.

The contention on behalf of the government seems to be that since, under this section, no credit can be claimed against the government, unless the evidence shows presentation thereof to, and disallowance by, the accounting officers of the treasury, therefore the pleading of such credit as a claim should show such presentation and disallowance, unless, of course, in the excepted cases stated at the close of said section. This contention appears to be a sound rule of pleading. The claim made by the defendant, whether called "credit" or "set-off," should be so stated in the pleading as that the claim thereby is, on the face of the pleading, provable. Under the statute quoted, the claim is provable only when proper presentation has been made, and disallowance in whole or in part followed. Therefore the claim is not properly pleaded, unless such presentation and disallowance are also pleaded. The statute quoted has frequently been before the courts for construction and application. U. S. v. Giles (1815) 9 Cranch, 212, 236; Walton v. U. S. (1824) 9 Wheat. 651, 653; Watkins v. U. S. (1869)

9 Wall. 759, 765; Halliburton v. U. S. (1871) 13 Wall. 63, 65; Railroad Co. v. U. S. (1879) 101 U. S. 543, 548,—are cases wherein the provisions above quoted (of section 951, Rev. St.), or similar provisions, have been under consideration and sustained by the supreme court. Manifestly it is but just that the government shall have opportunity to examine into the credits which an agent or other disbursing officer of the government claims to be properly allowable in his behalf, as against money or property placed under his charge. . Frequently the place where this credit is claimed to have been earned or to have become due is on the frontier, among Indian tribes, in distant ports, or in other places not easily accessible; or the government may find the tracing out of this credit claim—the ascertainment of the surrounding facts —a difficult matter. Thus, it is but just that the government be informed, and have opportunity of ascertaining the correctness of the claim. If found correct, it is to be presumed that the claim will be allowed, and, as to such, litigation rendered unnecessary. And, if not found correct, there is yet reserved in court, to the agent or official, when sued, his opportunity of pressing the claim for credit, thus disallowed by the department. The language of the statute is so clear and comprehensive on the point now under consideration, and the action repeatedly taken by the supreme court on that or similar provisions so positive and unambiguous, that the statute must be held applicable in this action.

No attempt is made by the pleader to bring the above-quoted portion of the answer within the exceptions contained in the section. The question remaining is therefore simple. Defendants attempt to claim as credits on the account herein sought to be enforced (1) "errors in bookkeeping by the clerk furnished by the department"; (2) that every item of property received by, and in said account charged against, defendant Patterson, was by him duly distributed or turned over to his successor, except a few items, which, without fault of said Patterson, were lost, stolen, or destroyed; and these last-described items, defendants cannot specify but aver said Patterson misappropriated and misapplied none of the property which came into his hands as said agent, and appropriated none to his own use or benefit, and disposed of none, except as same was turned over to the Indians under his charge, under the rules and regulations of the department governing Indian agents. No exhibit is made of the rules and regulations to which reference is here made. Without deciding how far the court can take judicial notice of such rules and regulations, it may be safely assumed that these impose on an Indian agent the duty of taking, and returning with his accounts, proper vouchers for all property by him turned over to his successor or to the Indians, or by him, as agent, disposed of in any other manner in performance of his duties as agent. We may also assume that, in so far as he can receive credit therefor, save through special act of congress, the rules and regulations provide for the agent's taking, and returning with his account, vouchers for property lost, etc., without fault of the agent. As to these parts of the answer the statute (section 951) is readily applied. But counsel for defendants contend that the opinion rendered by the circuit court of appeals for this (Eighth) circuit in U. S. v. Patrick, 20 C. C. A. 11, 73 Fed. 800,

sustains their contention that they have properly pleaded as part of the defense herein, that:

In so far as the account attached to the petition shows property received by said Patterson as such agent, and unaccounted for, the same is the result of errors in bookkeeping by the clerk furnished this defendant by the department of the interior.

It will be noted that the decision last referred to, on pages 14–18, 20 C. C. A., and pages 803–806, 73 Fed., expressly recognizes the binding force of section 951, Rev. St., and shows that its provisions were complied with in the Patrick Case. It is true that the court on page 18, 20 C. C. A., and page 807, 73 Fed., refer at some length to that part of the defense based on the evidence that the clerk said to have been furnished to the agent by the commissioner of Indian affairs was careless and drunken, and that the commissioner, though notified of such clerk's condition, refused to remove him. But the court were there considering a part of the charge of the trial court. And it will be noticed the remarks of the appellate court related to errors of the clerk as to which the evidence showed the government suffered no loss whatever. The property charged not to have been accounted for was proven to be in the possession of the government. Hence the language of the court (page 18, 20 C. C. A., and page 807, 73 Fed.):

No principle of law or equity occurs to us which requires a court to charge an agent, for the benefit of the principal, with property which the principal never lost, because a careless clerk, appointed by the principal himself to keep the accounts of his agent, has omitted property from a return of it which he was required to make to the principal.

If there are errors in bookkeeping in the account attached to petition in the present case, which are claimed to have been made by the clerk furnished by the government, and for which errors defendants now demand credit herein, these must be specific errors, else they could not be submitted to or considered by the jury on the trial of the cause. And, if thus specific, these errors may easily be presented to the accounting officers for examination. If then allowed, there would be no occasion for submitting same to a jury as claims for credits. If disallowed, there would yet remain the opportunity for such submission. So that as to these alleged errors the provisions of section 951 can readily be applied.

The motion to strike must be sustained, and accordingly that part of the answer of said defendants Patterson and McCalmont which is above quoted is stricken out. And said defendants are given leave to file the amendment to said answer, if they be so advised, on or before the 15th day of March next. The clerk will enter order accordingly. If such amendment is not filed by said date, said defendants will be understood as standing on their present answer, after said above-quoted portion is stricken therefrom. To all of which said defendants severally except. The clerk will notify counsel of record herein of the order herein directed.