**368** United States of America *v.* Interocean Oil Co., Inc.

Supreme Court, January, 1924. [Vol. 122]

United States of America, Plaintiff, *v.* Interocean Oil Company, Inc., Defendant.

Supreme Court, New York Special Term, January, 1924.

Contracts — action to recover for crude petroleum sold by the United States to defendant — counterclaim set up removal of defendant's plant for emergency war purposes at government's request and claim for loss occasioned thereby — allegation in counterclaim that " due demand " had been made against government deemed insufficient compliance with United States Revised Statutes, § 951 — motion to strike out separate defense granted — enactments of congress strictly construed — act of March 2, 1919, chap. 94 (40 U. S. Stat. at Large, 1272), applied.

The enactments of the Congress providing certain methods and proceedings under which those having claims against the government may obtain payment are to be strictly construed and relief thereunder can only be had in strict accordance with the conditions and limitations imposed thereby,

In an action brought to recover a sum certain with interest from various dates for crude petroleum sold and delivered by the United States to the defendant under a written contract dated March 1, 1921, a separate defense pleading a counter-claim must show affirmatively that the defendant has complied with the provisions of section 951 of the United States Revised Statutes, and upon the trial of the action no claim for a credit will be admitted except such as appears to have been first presented to the accounting officers of the treasury for examination and to have been disallowed in whole or in part as provided by said statute.

The separate defense herein pleaded in substance as a counterclaim that during the war emergency in 1918 the plaintiff finding that it was unable to obtain the required facilities for storage of fuel oil at the port of Baltimore ordered the defendant to remove its oil refining and storage plant from Carteret, N. J., to Baltimore, so that it could be used by plaintiff for war purposes; that notwithstanding the fact that defendant had prior to giving its consent explained to plaintiff that such removal of defendant's plant would involve very heavy expenditure and the loss of defendant's business at the port of New York, it was notified by plaintiff that these facilities were absolutely necessary for the conduct of the war and that it would compensate defendant for any expenditure and for all losses which might be occasioned to the defendant by reason of such removal; that defendant relying upon such offers and promises, made such removal of its plant for the use of the plaintiff, and that the loss occasioned thereby was a certain sum of money of which payment thereof or any part thereof has been refused after due demand therefor. *Held,* that the mere allegation of " due demand " was not a sufficient compliance with the provisions of section 951 of the United States Revised Statutes and the defendant not having made demand as required thereby nor alleged that it had, plaintiff's motion made on the face of the pleading to strike out the separate defense will be granted.

The act of March 2, 1919, chapter 94 (40 U. S. Stat. at Large, 1272), to provide relief in cases of contract connected with the prosecution of the war and for other purposes, expressly declares: " This act shall not authorize payment to be made of any claim not presented before June 30, 1919."

Action on contract.

*William Hayward,* United States attorney (*Edgar G. Wandless,* special assistant to the United States attorney, of counsel), for plaintiff.

*Edward D. Brown,* for defendant.

Burr, J.   This action is brought by the plaintiff, United States of America, to recover from the defendant, Interocean Oil Company, the sum of $450,460.52, with interest from various dates, for crude petroleum sold by plaintiff and delivered to the defendant under and pursuant to the terms of a written contract entered into between the parties dated the 1st day of March, 1921.   After setting forth certain denials of the material allegations of the complaint, the defendant sets up as a separate defense or setoff " that the defendant was the owner of certain land and property and an oil refining and storage plant and property of large value situated in the

Borough of Roosevelt, at Carteret, New Jersey; that during the war emergency in 1918 the plaintiff, finding that it required facilities for storage of fuel oil at the Port of Baltimore which it was unable to obtain, directed and ordered the defendant to remove its plant from Carteret to Baltimore, so that the same could be used for war purposes by the plaintiff; that prior to giving its consent the defendant had explained to the plaintiff that a removal of its plant from Carteret to Baltimore would involve the loss of its business at the Port of New York and would involve very heavy expenditure by the defendant; that the plaintiff, however, after such explanation by the defendant, notified the defendant that these facilities were absolutely necessary for the proper conduct of the war which was then existing and that it would compensate the defendant for any expenditures and for all losses which might be occasioned to the defendant by reason of such removal; that thereafter the defendant, relying upon such orders and promises, did remove its plant from Carteret to Baltimore for the use of the plaintiff, and that the loss occasioned to the defendant by such removal was the sum of three million five hundred seventy-five thousand four hundred and fifty-seven dollars and seventy-three cents ($3,575,457.73). Payment thereof or any part thereof has been refused after due demand therefor." The defendant accordingly demands judgment dismissing the complaint and asks for " a verdict determining the just amount due from the plaintiff to the defendant." Plaintiff now moves for an order (1) dismissing and for striking out the alleged separate and distinct defense and setoff contained in the amended answer on the following grounds: (a) That it appears on the face thereof that the court has no jurisdiction of the subject of the separate defense or counterclaim; (b) that the separate defense is not one which may be properly interposed in this action; (c) that the so-called separate and distinct defense and setoff or counterclaim does not state facts sufficient to constitute a cause of action; (d) that the defense consisting of new matter is insufficient in law. In actions brought by the United States against individuals no claim for a credit shall be admitted on the trial except such as appear to have been presented to the accounting officers of the treasury for their examination and to have been by them disallowed in whole or in part. 1 U. S. Stat. at Large, 515, § 4, act of March 3, 1797. This act now appears as section 951 of the United States Revised Statutes and reads as follows: " In suits brought by the United States against individuals, no claim for a credit shall be admitted, upon trial, except such as appear to have been presented to the accounting officers of the treasury, for their examination, and to have been by

them disallowed in whole or in part, unless it is proved to the satisfaction of the court that the defendant is, at the time of the trial, in possession of vouchers not before in his power to procure, and that he was prevented from exhibiting a claim for such credit at the treasury by absence from the United States or some unavoidable accident." The pleading of a defendant setting up claims in his favor against the United States must show affirmatively that such defendant has complied with the provisions of section 951. *United States* v. *Patterson,* 91 Fed. Rep. 854, 855; *United States* v. *Kerr,* 196 id. 503. Congress through various statutory enactments has set up certain methods and machinery under which those having valid claims against the government may obtain payment thereof. Such statutes, involving as they do a concession by the government of its sovereign immunity from suit, are strictly construed, and relief thereunder can only be obtained by claimants in strict accordance with the conditions and limitations imposed thereby. *United States* v. *Giles,* 9 Cranch, 212; *United States* v. *Gilmore,* 7 Wall. 491; *Watkins* v. *United States,* 9 id. 759; *United States* v. *Eckford,* 6 id. 484; *Smythe* v. *United States,* 188 U. S. 156, 173. The Sixty-fifth Congress of the United States enacted on March 2, 1919, chapter 94, 3d Session (40 U. S. Stat. at Large, 1272), " An Act to provide relief in cases of contracts connected with the prosecution of the war and for other purposes." In this act it is provided: " That the Secretary of War be, and he is hereby authorized to adjust, pay or discharge any agreement, express or implied, upon a fair and equitable basis that has been entered into, in good faith during the present emergency and prior to November 12, 1918, by any officer, or agent acting under his authority, direction or instruction, or that of the President, with any person, firm or corporation for the acquisition of lands, or the use thereof, or for damages resulting from notice by the government of its intention to acquire or use said lands, or for the production, manufacture, sale, acquisition or control of equipment, materials or supplies, or for services or for facilities or other purposes connected with the prosecution of the war, when such agreement has been performed in whole or in part." This act further provides (p. 1273): " This act shall not authorize payment to be made of any claim *not presented before June* 30, 1919 * * *. That nothing in this section shall be construed to confer jurisdiction upon any court to entertain a suit against the United States." In *Watkins* v. *United States, supra,* Mr. Justice Clifford, writing for the court in that case, gave a concise statement as to the origin of setoff. He said: " The right of setoff did not exist at common law but is founded on the Statute of 2 George II (chap. 24, sec. 4), which in

substance and effect provided that where there were mutual debts between the plaintiff and defendant * * * one debt may be set against the other, and such matter may be given in evidence under the general issue. Setoffs might, even after the passage of that act, be made in a proper case, between plaintiff and defendant, but it never extended to suits between the government and individuals, and since the decision in the case of *United States* v. *Giles* it has never been pretended that, in suits 'between the United States and individuals' any claim for credit can be admitted at the trial, unless it appears that the claim had previously been presented and disallowed, or was otherwise brought within the fourth section of the before mentioned act of Congress.* Whether the claim for credit is a legal or equitable claim, if it has been duly presented to the accounting officers and has been by them disallowed, it is the proper subject of setoff under that act, but it cannot be adjudicated in a federal court unless it has been so presented and disallowed. The rejection of such a claim by the accounting officers constitutes no objection to it as a claim for setoff, as it cannot be admitted in evidence unless it has been presented and disallowed as required by the act of Congress. Such claims as fall within that act are not specifically defined, and in view of that fact this court has held that the act intended to allow the defendant the full benefit at the trial of any credit, whether it arises out of the particular transaction for which he was sued or out of any distinct and independent transaction which would constitute a legal or equitable setoff, in whole or in part, of the debt for which he is sued, *subject, of course, to the requirement of the act that the claim must have been presented to the proper accounting officers and have been disallowed.*" And in *Railroad Co.* v. *United States*, 101 U. S. 543, it was held: " A party claiming a credit, which by reason of his laches was not presented to the accounting officers of the Treasury and disallowed in whole or in part by them, cannot set it up in an action brought by the United States against him for the recovery of a debt." The defendant, therefore, cannot under the federal statute set up this setoff in an action for goods sold and delivered, brought by the United States against it, unless it affirmatively appears that it has first presented the said claim to the accounting officers and that the same has been disallowed. Our state courts will follow the construction of federal statutes where federal questions are involved. *People* v. *Dennison*, 84 N. Y. 273, 280, 282; *York* v. *Conde*, 147 id. 486. In *People* v. *Dennison*, Judge Rapallo said among other things: " A defendant sued by the government may, under the statute referred to *and*

---

* 1 U. S. Stat. at Large, § 4, p. 515.

*on complying with its conditions,* give in evidence any counterclaim or credit he may have in his own right and which is a proper subject of setoff, whether arising out of the transaction on which he is sued or an independent transaction ( *United States* v. *Wilkins,* 6 Wheat. 135), but it is now well settled that such counterclaim is available only to the extent necessary to defeat the claim of the government and that no judgment can be recovered against the government for the excess, should there be any." The defendant's setoff is in reality a counterclaim. Civ. Prac. Act, § 266; 34 Cyc. 629, 630, 631; *Cable Flax Mills* v. *Early,* 72 App. Div. 213; *Seibert* v. *Dunn,* 216 N. Y. 237, 241. The mere allegation of " due demand " is not sufficient to comply with the provisions of section 951 of the United States Revised Statutes. The defendant has not made due demand as required by section 951, nor does he so allege. Section 951 embraces every suit between the United States and individuals. *U. S.* v. *Wade,* 75 Fed. Rep. 261. Not only must the provisions of section 951 be complied with before evidence is permitted on the trial but the answer may be stricken out where it fails to set up the proper allegations in this respect. *United States* v. *Patterson, supra; United States* v. *Kerr, supra.* I have not taken into consideration the affidavit of Edgar G. Wandless submitted in support of the motion. The motion is made on the face of the pleading and not on any facts appearing outside the pleading. The motion to strike out the alleged separate and distinct defense and setoff contained in the amended answer is granted. Settle order on notice.

Ordered accordingly.