## UNITED STATES v. HEARD.

District Court, W. D. Virginia, at Danville.
March 22, 1940.

Frank S. Tavenner, Jr., U. S. Atty., of Woodstock, Va., for plaintiff.

Malcolm K. Harris, of Danville, Va., for defendant.

BARKSDALE, District Judge.

This is an action brought in this Court on February 3, 1938, by way of notice of motion by the United States, as plaintiff, against J. Bryant Heard, as defendant, seeking to recover from the defendant the sum of $1,948.04, with interest, alleged to be due the plaintiff by reason of an overpayment to the defendant by the plaintiff of the amount sued for, under a contract for architectural services in connection with the erection of a Post Office and Court House building at Danville, Virginia.

On March 26, 1938, defendant, by counsel, filed his plea of the statute of limitations (with which we are not now concerned), and his plea of set-off alleging that the plaintiff is indebted to him in the sum of $1,740, with interest, which sum the defendant alleges he paid to Wiley & Wilson, of Lynchburg, Virginia, for special engineering services for the foundations, heating and ventilation, and electrical work, etc., performed by said Wiley & Wilson, as consulting engineers in connection with the construction of the building mentioned in the contract sued on.

On September 7, 1938, the plaintiff, by counsel, filed in writing its motion to strike out defendant's plea of set-off upon (1) the general ground that said plea is insufficient in law, and (2) that the court is without jurisdiction to entertain said plea because the claim upon which it is based has not been presented to the General Accounting Office for its examination and to have been by it disallowed, in part or in whole; that the defendant has heretofore had it in his power to procure vouchers necessary for the presentation of said claim, and that defendant had not been prevented from exhibiting his claim at the General Accounting Office by absence from the United States or by some unavoidable accident, as required by statute in such case made and provided.

The statute relied upon by the plaintiff is Title 28 U.S.C.A. § 774, the pertinent part of which is as follows: "In suits brought by the United States against individuals, no claim for a credit shall be admitted, upon trial, except such as appear to have been presented to the General Accounting Office for its examination, and to have been by it disallowed, in whole or in part, unless it is proved to the satisfaction of the court that the defendant is, at the time of the trial, in possession of vouchers not before in his power to procure, and that he was prevented from exhibiting a claim for such credit at the General Accounting Office by absence from the United States or by some unavoidable accident."

■ Although the recent Rules of Civil Procedure favor the determination of all pending issues between parties at one time, and Rule 13(a) thereof, 28 U.S.C.A. following section 723c, makes the assertion of certain counterclaims compulsory, yet these Rules do not seem to in any wise alter the situation here presented, because Rule 13(d) provides: "These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof."

■ A claim for credit against the United States, when asserted in a court, being in the nature of a suit against the United States, cannot be maintained except by permission of the United States, and then only in the manner, and subject to the conditions, provided by law. The statute above quoted grants the permission and pre-

scribes the conditions for the assertion of such claims for credit in certain instances. This is an ancient statute, dating from March 3, 1797, 1 Stat. 515, and although it has been amended, the present statute is not substantially different from its original form. The purpose of the conditions imposed by the statute is, as Judge Dobie expressed it in speaking of a somewhat similar statute, "to insure application of the general rule of jurisdiction that administrative remedies must be exhausted before appeal is made to the courts." Simmons v. United States, 4 Cir., 110 F.2d 296, decided March 11, 1940.

In the oral argument by counsel before me in Chambers on March 1, 1940, counsel discussed, primarily, if not exclusively, the applicability of this statute to the facts of this case, but the question here and now presented to me upon this motion of the plaintiff to strike out defendant's plea of set-off, is not a question of substantive law, but a question of pleading; that is to say, conceding that the statute is applicable to the situation here presented, is defendant's plea bad because it fails to allege that defendant's claim for a credit has been presented to the General Accounting Office for examination and has been disallowed by it, or that claimant has been excused from such presentation by the terms of the statute?

In the case of United States v. Patterson, C.C., 91 F. 854, it was held that compliance with the statute must be pleaded. However, the opinion contains no reasoning or discussion of its holding in this particular, but is devoted principally to a discussion of the statute itself. No authority for the court's holding on the pleading question is cited.

In the case of United States v. Cantrall, C.C., 176 F. 949, it is also held that compliance with the statute must be pleaded. There is no discussion of this holding, but three cases are cited as authority, no one of which in my opinion is any authority for such holding except the case of United States v. Patterson, supra. The other cases cited are: Schaumburg v. United States, 103 U.S. 667, 26 L.Ed. 599, which case does not consider the pleading question at all, but simply affirms a previous case in its holding that no judgment against the United States can be rendered upon a counterclaim; United States v. Eckford, 6 Wall. 484, 73 U.S. 484, 18 L.Ed. 920, which does not consider the pleading ques-

tion and holds that "No judgment for any ascertained excess can be rendered against the government"; Reeside v. Walker, 11 How. 272, 13 L.Ed. 693, in which the pleading question is not considered, and which holds that even though a verdict be rendered against the United States on a counterclaim, the Secretary of the Treasury cannot be required by mandamus to pay the same; Yates v. United States, 9 Cir., 90 F. 57, which did not pass upon or discuss the pleading question, but passed upon the question of the admissibility of evidence in support of a claim against the United States.

In the case of United States v. Kerr, C. C., 196 F. 503, it was held that compliance with the statute must be pleaded. The opinion contains no discussion of the question, but cites a number of authorities, no one of which in my opinion sustains the holding on the pleading question. The cases cited are: Yates v. United States, supra, which I have mentioned above; United States v. Patrick, 8 Cir., 73 F. 800, which affirmed a judgment permitting a recovery, without any pleading that the statute had been complied with; United States v. Gilmore, 7 Wall. 491, 74 U.S. 491, 19 L.Ed. 282, which does not pass upon or consider the pleading question, but holds that proofs of credit should not have been permitted to go to the jury without proper proof of their presentation to and disallowance by the proper accounting officers; Watkins v. United States, 9 Wall. 759, 76 U.S. 759, 19 L.Ed. 820, which did not pass upon the pleading question, but held that no evidence to prove a claim for credit can be admitted at the trial unless it be shown that the claim has been legally presented to the accounting officers and been by them disallowed, except under certain exceptional circumstances which do not exist in this case.

I am not particularly impressed by the holding in these three cases upon this question of pleading, because the opinions indicate that no particular consideration was given to the question, and the cases cited do not sustain the proposition for which they are cited as authority.

I am much more impressed by the opinion and holding in the case of United States v. Standard Aircraft Corp., D.C., 16 F.2d 307, 308. Although this is the decision of a District Court, the decision and opinion are by a distinguished Circuit Judge, Honorable Learned Hand, and coun-

sel of unusual distinction represented the parties litigant. Judge Hand cites the three cases mentioned above, i. e., United States v. Patterson, supra, United States v. Cantrall, supra, and United States v. Kerr, supra, but refuses to follow them.

The reasoning of the learned judge in this opinion is so cogent and so applicable to the question here presented that I am constrained to quote extensively from the opinion. Speaking of the statute here under consideration, the court said:

"The purpose of that section was something altogether different, as may be shown, I believe, by a little examination of its terms. When the credits arose out of the transaction itself, the United States was left exposed without notice to claims made at the trial, which the Treasury had not had any chance to sift. This was a perilous position, and for that reason it was enacted that no such credits 'should be admitted upon the trial,' unless they had been presented to the Treasury and disallowed. Presentation alone, it must be noted, was not enough; the defendant must present them long enough in advance of trial to allow the Treasury officials to examine and reject them. This gave the United States more than could be had by merely pleading them; it insured a complete acquaintance before trial, not only with the claims, but with the evidence by which they were to be supported. It would have been absurd to require the defendant also to plead that they had been presented and rejected. First, this would have informed the plaintiff of nothing which by hypothesis the Treasury, its agent, would not know in season; second, it would have needlessly limited the defendant's time to the period before answer, instead of before trial. Finally, it would have introduced into the pleadings allegations which would have entirely varied their accepted form, allegations whose assumed absence was indeed probably the occasion for the very enactment of the section itself.

"If this conclusion is thought doubtful, the remainder of the section puts it beyond question. The defendant was not absolutely held to get his claims disallowed before trial; there was a way out. He might prove to the court's satisfaction that he had at the time of trial vouchers not before in his possession, and if, in addition, he proved that he had been unavoidably prevented from presenting his claim and getting it disallowed, his credits might still 'be admitted upon the trial.' It is plain that this excuse is inconsistent with the notion that his pleading must contain any allegation that the credits had been disallowed. Had that been true, a defendant must still be able to excuse his failure, and obviously he could allege in his answer no more than that up to that time he had been unavoidably prevented from compliance. But his disability so alleged might disappear before trial, and the section required the defendant to show that his disability continued until that time. Plainly it would be absurd to require him to allege an excuse which at that time it was alleged was no excuse at all.

"Again, suppose that in his answer he alleged the other element of the excuse; i. e., the fresh possession of vouchers to support the claims. If he had such vouchers at that time, he would have no excuse for failing at least to try to get the claim disallowed before trial. To require this element of the excuse to be pleaded would therefore destroy it as an excuse. Further, it would deprive the defendant of the excuse, in case he got the vouchers after answer filed, because his answer would be bad, and a bad answer will not support good proof. The plaintiff is therefore in this dilemma. If the section requires the defendant to plead the rejection, it must allow him to plead the excuse, for otherwise the excuse is taken away. But to require him to plead the excuse is itself to destroy the excuse, or to deprive the defendant of it, if he cannot plead it. All this shows the impossibility of treating the section as requiring something which must be done before trial.

"Ordinarily I should have felt bound to follow the decisions of three District Courts, though they are not authoritative. But since, as I have said, the matter has never been discussed, and since it seems quite clear, not only from the general scope of the statute, but from the very structure of the section in question, that it concerns something entirely outside the pleadings, and something which cannot possibly have been intended to be included in the pleadings, it appears to me that the defendant is entitled to such independent consideration as I can give the question."

Although not cited in the opinion, it seems to me that the reasoning adopted by the Court in United States v. Standard Aircraft Corp., supra, is substantially buttressed by the reasoning in United States v.

Hawkins, 10 Pet. 125, 35 U.S. 125, at page 131, 9 L.Ed. 369, although this latter case is not precisely in point.

In the case of Fisher, etc., Co. v. United States, 9 Cir., 17 F.2d 232, the trial court sustained a demurrer to defendant's plea of off-set, and directed a verdict for the United States on the ground that its claim had been arbitrated and the award of the arbitrators was binding on all parties. On appeal, the Circuit Court reversed the District Court on the ground that the award of the arbitrators was not conclusive. A dictum sustains the action of the District Court in sustaining the demurrer to the plea of off-set on the authority of United States v. Cantrall, supra. However, no special consideration is given to the pleading question, and United States v. Standard Aircraft Corp., supra, was not cited or considered in this opinion.

Judge Hand's decision in the case of United States v. Standard Aircraft Corp., supra, has been cited twice. In the first case, Shaw v. United States, 6 Cir., 75 F.2d 175, 176, there was a suit by the United States against an individual, and the defendant pled set-off. The trial court dismissed so much of his answer as asserted the set-off for reasons which do not appear from the opinion. In the trial defendant was allowed to prove his set-off, but he did not offer to prove compliance with the statute. The trial court refused to allow defendant credit for his off-set, and this refusal was assigned as error. On appeal, defendant contended that under the holding of United States v. Standard Aircraft Corp., supra, he was entitled to recover. The opinion of the Circuit Court denied this contention and held that the Standard Aircraft case only went so far as to hold that compliance with the statute need not be pleaded, but that it did not change the well settled rule that proof of compliance with the statute was absolutely necessary to warrant a recovery.

The last case I find upon this subject follows the Standard Aircraft case. The case is United States v. United States Fidelity & Guaranty Co., District Court Eastern District of Oklahoma, 24 F.Supp. 961. The Court said at page 964 of 24 F. Supp.: "Under the terms of Section 774, Title 28, U.S.C.A., an individual sued by the United States, desiring to make a claim for a credit to which he deems himself entitled, is not required to allege compliance with the provisions of said section with regard to admitting the claim in order to confer jursdiction upon the court to consider same. United States v. Standard Aircraft Corp., D. C., 16 F.2d 307."

I do not consider it expedient or proper for me at this time to rule upon any questions not now before me, but upon the question here presented I am, for the reasons and upon the authorities set out above, constrained to hold that plaintiff's motion to strike out defendant's plea of set-off should be, and the same will be, overruled.