UNITED STATES v. MAGUIRE INDUSTRIES, Inc.

United States District Court
S. D. New York.
April 16, 1951.

See also, 99 F.Supp. 329.

---

Irving H. Saypol, U. S. Atty., New York City (Julian R. Wilheim, Atty., Depart-

ment of Justice, Washington, D. C., of counsel), for plaintiff.

Eugene Daniel Powers, New York City (Solomon M. Cheser, New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by plaintiff (1) to strike certain paragraphs of the amended answer, (2) for judgment on the pleadings, and (3) for summary judgment. The action was brought on May 19, 1949, under Section 1345 of the Judicial Code, 28 U.S.C. § 1345, and Section 403(c) of the Renegotiation Act, as amended, 50 U.S.C.A. Appendix, § 1191(c). It is based upon a Renegotiation Agreement between the parties, dated September 4, 1946, under which defendant agreed to pay plaintiff the sum of $644,893 as the amount of excessive profits derived by defendant from its war contracts, subject to renegotiation, during its fiscal year ending October 31, 1944, less the applicable tax credit under Section 3806 of the Internal Revenue Code, 26 U.S.C.A. § 3806. The amount of this credit was later determined to be the sum of $257,957.21, so that the net principal amount payable was reduced to the sum of $386,935.79. Defendant agreed to pay $10,000 of this amount within ten days and the balance on or before October 31, 1946. Defendant has paid plaintiff the sum of $158,890.87, and plaintiff has withheld the sum of $43,782.93. Plaintiff has applied these two sums to accrued interest and in reduction of principal, and it now sues to recover a principal balance of $217,220.89, with 6% interest from March 23, 1949, and accrued interest of $3,898.24. The amended answer was served on October 14, 1949.

Plaintiff's motion to strike paragraphs 1, 2 and 3 of the amended answer is granted; these paragraphs raise no question as to any material issues of fact. The remaining ten paragraphs, Nos. 4 to 13 inclusive, allege, as separate set-offs and credits, breaches by plaintiff in refusing to perform ten contracts with defendant, entered into on various dates be-

tween December 3, 1941 and June 15, 1945, covering the purchase by plaintiff from defendant of various materials, with resultant damages to defendant aggregating over $4,500,000. It is contended by plaintiff that this court has no jurisdiction to determine these set-offs because of defendant's failure to comply with Section 2406 of Title 28 U.S. Code. This Section reads: "In an action by the United States against an individual, evidence supporting the defendant's claim for a credit shall not be admitted unless he first proves that such claim has been disallowed, in whole or in part, by the General Accounting Office, or that he has, at the time of the trial, obtained possession of vouchers not previously procurable and has been prevented from presenting such claim to the General Accounting Office by absence from the United States or unavoidable accident."

Nowhere in the amended answer is there any allegation that defendant had presented its off-set claims to the General Accounting Office and that they had been disallowed in whole or in part. However, it does appear that on October 21, 1949, one week after its amended answer was filed, defendant did file with the General Accounting Office claims based upon these off-sets. So far as appears from the papers before me, however, no action upon them has yet been taken by the General Accounting Office.

This Section is not directed to pleadings; rather, it prescribes the conditions under which evidence of a defendant's off-set against a claim of the Government may be received upon the trial; and failure to allege in the answer that the claim had been presented to the General Accounting Office and disallowed, in whole or in part, does not render the pleading defective. United States v. Standard Aircraft Corp., D.C.S.D.N.Y., 16 F.2d 307; United States v. Heard, (D.C.W.D.Va.), 32 F.Supp. 39. See also Reviser's Note to Title 28 U.S.C., § 2406. Plaintiff's motion for judgment on the pleadings is, therefore, denied.

In its answering affidavit defendant contends that plaintiff's motion for summary judgment should also be denied. It bases this contention on the ground that defendant's agreement to pay the sum of $644,893 as excessive profits was based upon a specific finding in the agreement that "total profits adjusted for renegotiation" were $3,037,199; that on December 14, 1950 the Government audited its 1944 income tax return and reduced its net profits for that year by the sum of $587,976 by transferring certain items to its 1943 year; that this amount had been taken from it in the renegotiation proceeding as excessive profits; that, as a result of such audit, the Government has assessed additional income tax against defendant in the sum of over $180,000, and that, in view of this result, it would be unconscionable to enforce the agreement. This contention cannot be sustained, for subsection (c) (4) of the Renegotiation Act provides that an agreement with a war contractor for the elimination of excessive profits "shall be conclusive according to its terms; and except upon a showing of fraud or malfeasance or a willful misrepresentation of a material fact, (A) such agreement shall not for the purposes of this section be reopened as to the matters agreed upon, and shall not be modified by any officer, employee, or agent of the United States, and (B) such agreement and any determination made in accordance therewith shall not be annulled, modified, set aside, or disregarded in any suit, action, or proceeding."

Defendant makes no claim of fraud, malfeasance or willful misrepresentation of a material fact. Vokal v. United States, 9 Cir., 177 F.2d 619.

Plaintiff's motion for summary judgment is accordingly granted for the amount demanded, with interest at 6% per annum from March 23, 1949, together with costs, for there is no genuine issue as to any material fact.