**UNITED STATES v. MAGUIRE INDUS-TRIES, Inc. (two cases).**

United States District Court
S. D. New York.

April 16, 1951.

Irving H. Saypol, U. S. Atty., New York City (Julian R. Wilheim, Atty. Department of Justice, Washington, D. C., of counsel), for plaintiff.

Eugene Daniel Powers, New York City (Solomon M. Cheser, New York City, of counsel), for defendant.

COXE, District Judge.

Plaintiff moves in each of the above-entitled actions for the same relief, viz., (1) to strike paragraphs 1–6, in each answer, on the ground that the defenses pleaded therein are insufficient in law; (2) to strike paragraphs 8–16, in each answer, which are pleaded as off-sets and credits, on the grounds that they are insufficient in law and that this court has no jurisdiction over them; (3) to strike paragraph 17, in each answer, which is pleaded as a separate and complete defense, on the ground that it is insufficient in law; (4) for judgment on the pleadings, and (5) for summary judgment. The complaints and answers in both actions are identical, except as to amounts and a few minor de-

tails, and the motions will be disposed of in one opinion, in the Meissner case.

The complaint in the Meissner case alleges that the action is brought under Section 1345 of the Judicial Code, 28 U.S.C. § 1345, and Section 403(c) of the Renegotiation Act, as amended, 50 U.S.C.A.Appendix, § 1191, to recover the sum of $129,-400, with interest at 6% per annum from November 25, 1949; that Meissner was an Illinois corporation until about June 25, 1945, when it was merged with defendant Maguire Industries, Incorporated, which thereupon assumed all of Meissner's liabilities, including its renegotiation liabilities to plaintiff; that, after due notice to Maguire, proceedings were conducted by the War Contracts Price Adjustment Board to determine the amount of excessive profits realized by Meissner, and by Maguire as its successor, for the fiscal period from January 1 to June 24, 1945, on their war contracts subject to renegotiation; that on February 8, 1949, Harry S. Covington, Vice Chairman of the Army Price Adjustment Board, acting pursuant to authority duly delegated to him, made an unilateral determination that, of the profits realized by Meissner, and by Maguire as its successor, during this period, the sum of $250,000 represented excessive profits, and that a copy of the determination was sent on that day to Maguire by registered mail; that the War Contracts Price Adjustment Board reviewed the determination of February 8, 1949, and on November 8, 1949 determined that $250,000 represented excessive profits derived by Meissner, and by Maguire as its successor, from war contracts, subject to renegotiation, for such period, and that a copy of such determination was sent on that day by registered mail to Maguire; that on November 10, 1949 Covington made written demand upon Maguire for payment by November 25, 1949 of the $250,000, less the applicable tax credit provided for in Section 3806 of the Internal Revenue Code, 26 U.S.C.A. § 3806, with interest at 6% per annum; and that the tax credit allowable under Section 3806 is the sum of $120,600, leaving $129,-400 as the amount due, no part of which has been paid, nor has the amount been reduced or eliminated by withholding or any other method.

■ *First.*—Maguire, in paragraphs 1-6 of its answer, admits that on or about June 25, 1945, it became the successor of Meissner and assumed its liabilities, and that it has paid nothing on account of plaintiff's claim. It then denies all the allegations of the complaint, except that it admits receipt of the various determinations and letters referred to. It does not deny its liability to plaintiff. It is obvious that these paragraphs are sham and frivolous and raise no issue as to any material fact. Plaintiff's request to strike them is granted.

■ *Second.*—Plaintiff contends that the off-sets and credits, pleaded in paragraphs 8-16 of the answer, are insufficient because it is not alleged that defendant has complied with Section 2406, Title 28 U.S. Code. The same contention was made in United States v. Maguire Industries, Incorporated, D.C., 99 F.Supp. 326, and rejected by me in the opinion in that case, filed herewith.

■ *Third.*—Paragraph 17 alleges, as a complete defense, that defendant, subsequent to the unilateral determination of its excessive profits, and within the time prescribed by the Renegotiation Act, duly filed with the Tax Court of the United States its petition for the re-determination *de novo* of its excessive profits, and the petition is still pending, undetermined. Clearly, this is no defense, for Section 403(e) (1) of the Act provides that the filing of such a petition shall not operate to stay the execution of an order of the War Contracts Price Adjustment Board.

*Fourth.*—Plaintiff's motions for judgment on the pleadings are denied, and plaintiff's motions for summary judgment in the amounts demanded in the complaints, with interest from November 25, 1949, together with costs, are granted.